IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
FEB 15 2007

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**KENYA SIMPSON,**

    **Petitioner**

v. // CIVIL ACTION NO. 1:04CV3
    CRIMINAL NO. 1:02CR36
    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 12, 2004, pro se petitioner Kenya Simpson ("Simpson") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. By standing Order, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accord with Local Rule of Prisoner Litigation 83.09. Thereafter, on October 6, 2004, Simpson filed a motion to amend his § 2255 motion.

On May 5, 2005, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Simpson's motion to vacate and motion to amend be denied and that his case be dismissed with prejudice. (1:02CR36 - Doc. No. 364, 1:04CV3 - Doc. No. 4.) On June 16, 2005, Simpson filed objections to those recommendations. For the reasons that follow, the Court **AFFIRMS** the magistrate judge's recommended findings.

```
SIMPSON V. USA                                           1:04CV3
USA V. SIMPSON                                        1:02CR36-3
```

## ORDER AFFIRMING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

### I. Background

On July 3, 2002, a grand jury for the Northern District of West Virginia named Simpson in three counts of a twelve-defendant, thirty-count indictment charging him with conspiracy to possess with the intent to distribute and to distribute in excess of 50 grams of cocaine base and cocaine hydrochloride (Count One), distribution of approximately .42 grams of cocaine base (Count Twenty-One), and possession with the intent to distribute in excess of five grams of cocaine base (Count Twenty-Two). On September 5, 2002, Simpson agreed to plead guilty to the distribution charge in Count Twenty-One of the indictment and signed a plea agreement.

The plea agreement provided that, if certain requirements were met, the Government would make a non-binding recommendation to the Court at the time of sentencing for a reduction for acceptance of responsibility. It also contained a stipulation that Simpson's total drug relevant conduct was 288.32 grams of cocaine base and nine grams of powder cocaine.

On September 23, 2002, at the change of plea hearing Simpson testified, *inter alia*, that 1) he understood that no sentence could be calculated under the United States Sentencing Guidelines until the probation officer prepared a pre-sentence report, that 2) his counsel had adequately represented him, and that 3) the plea

agreement contained all of the agreements between himself and the Government.

On January 28, 2003, the Court sentenced Simpson.[1] During the hearing, the Government presented the testimony of Charles Echols and Casey Clegg to demonstrate that, following the imposition of bond and his placement on pretrial release pending trial, Simpson continued his drug distribution activities. At the conclusion of the evidence, the Court determined that Simpson's continuing drug activity violated the conditions of his bond and that he was not entitled to a three level reduction for acceptance of responsibility. Accordingly, the Court did not apply any downward adjustment for acceptance of responsibility when calculating Simpson's applicable guideline sentencing range of 188 to 235 months.[2] Thereafter, the Court sentenced Simpson to 200 months of imprisonment. Simpson did not appeal his conviction or sentence.

## II. § 2255 Motion and Motion to Amend

In his § 2255 motion, Simpson alleges the following:

1) that he was provided ineffective assistance of counsel at sentencing because his attorney allowed the government to

---

[1] Simpson failed to appear for a previously scheduled sentencing hearing on January 8, 2003.

[2] Based on his stipulated relevant conduct of 5,758.2 kilograms of marijuana equivalent, at sentencing, the Court determined Simpson had a total offense level 34 and a category III criminal history, resulting in an applicable guideline sentencing range of 188 to 235 months of incarceration.

present witness testimony regarding his alleged continuing drug conduct that, in turn, resulted in the loss of a three level reduction for acceptance of responsibility;

2) that he was induced to plead guilty because the government promised him that he would be sentenced at the lower end of the 135 to 168 month guideline range likely applicable to Simpson after an adjustment for acceptance of responsibility, and that the plea agreement failed to mention any potential penalty for conduct committed while he was on bond; and

3) that the government violated the terms of the plea agreement by introducing evidence at the sentencing hearing that he continued to distribute drugs following his placement on bond.

Further, in his motion to amend, Simpson seeks to add a claim for relief under Blakely v. Washington, 542 U.S. 296 (2004).

### III. Magistrate Judge's R&R

In his R&R, Magistrate Judge Kaull thoroughly analyzed the asserted grounds for relief in Simpson's § 2255 motion, as well as Simpson's motion to amend.

**A. Claims of Breach of Plea Agreement/Involuntary Plea**

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998)(internal quotations and

citations omitted). In this case, Simpson alleged neither a breach of the plea agreement nor the involuntariness of the plea on appeal. Further, the magistrate judge found that Simpson "has not made the requisite showing of cause and prejudice or actual innocence." (1:04CV03, Doc. No. 4 at 4.) Thus, Magistrate Judge Kaull found that Simpson's claims should be considered procedurally barred from habeas corpus review.

Notwithstanding his determination that Simpson failed to overcome the procedural bar applicable to Simpson's claims, the magistrate judge went on to address the substance of those claims, finding that they are without merit.

First, the plea agreement contains no guarantee that Simpson will receive a three level reduction for acceptance of responsibility. Rather, it clearly states that only if certain conditions are met, will the government make a non-binding recommendation for a reduction for acceptance of responsibility. Specifically, paragraph seven of the plea agreement provides:

> 7. Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following <u>nonbinding</u> recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation

5

>office recommends a two-level reduction for 'acceptance of responsibility,' as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should the defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this agreement, the United States will recommend an additional one level for timely acceptance of responsibility if this agreement is executed and returned to the united States Attorney's Office by 5:00 p.m. on September 6, 2002; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range. (Emphasis in original.)

Moreover, paragraph nine of the plea agreement provides:

>9. If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (i) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

In <u>United States v. Harris</u>, 882 F.2d 902 (4th Cir. 1989), the Fourth Circuit held that a guilty plea does not automatically entitle the defendant to a reduction for acceptance of responsibility. Significantly, in <u>United States v. Kidd</u>, the Fourth Circuit recognized that a district court may properly

6

refrain from applying a reduction for acceptance of responsibility under U.S.S.G. §3E1.1 based on a defendant's continuing, post-plea criminal conduct. 12 F.3d 30, 34 (4th Cir. 1993)("Given [the defendant's] use and illegal distribution of cocaine after his indictment and plea agreement, we do not think the district court erred in denying credit for acceptance of responsibility."), cert. denied, Kidd v. U.S., 511 U.S. 1059 (1994). Moreover, Magistrate Judge Kaull found, the Government's presentation of witness testimony regarding Simpson's continued criminal conduct is not a breach of the plea agreement. See United States v. Dover, 47 Fed.Appx. 214, 2002 WL 31109703 (4th Cir. 2002)("In light of Dover's continued criminal conduct after he entered into the plea agreement, it is evident that the government was not bound by the plea agreement to recommend a reduction for acceptance of responsibility because Dover's conduct did not demonstrate acceptance of responsibility.").

In his R&R, the magistrate judge also noted that "[t]he fact the plea agreement was silent about Simpson being penalized at sentencing if he violated his bond does not constitute an inducement to plead guilty." (1:04CV03, Doc. No. 4 at 4.) Further, given the weight of authority, Magistrate Judge Kaull concluded

7

that "Simpson's arguments that he was induced to enter a plea and that the Government breached the plea agreement are frivolous." Id.

B. **Ineffective Assistance of Counsel**.

Courts evaluate ineffective assistance of counsel claims under the conjunctive two-prong analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to satisfy the deficiency requirement, a petitioner must demonstrate the objective unreasonableness of his attorney's performance. Id. at 688. Further, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Thus, a reviewing court with the benefit of hindsight must not second-guess those decisions of counsel which, given the totality of the circumstances at the time of trial, "might be considered sound trial strategy." Id. (quoting Michel v. State of La., 350 U.S. 91, 101 (1955)).

ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

In order to satisfy the prejudicial effect requirement of Strickland's two-prong test, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, Strickland makes clear that either prong of its test for ineffective assistance of counsel may be analyzed first, and thus, if no prejudice is shown by a petitioner, a court need not analyze counsel's performance. Id. at 697; Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Further still, the magistrate judge points out that habeas motions are subject to heightened pleading requirements, McFarland v. Scott, 512 U.S. 849 (1994), and must present some evidence that the claims made have merit, Nickerson v. Lee, 971 F.2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Accordingly, bald assertions amounting to nothing more than conclusions do not support the need for an evidentiary hearing. Id.

At sentencing, the Government procured the testimony of Casey Clegg and Charles Echols regarding Simpson's continued drug

distribution activities post-plea. In his petition, Simpson asserts that his counsel was ineffective for failing to object to that testimony, asserting that the existence of the plea agreement negated the need for any additional evidence. Magistrate Judge Kaull found, however, that the evidence related to conduct that properly impacted the Court's determination of whether Simpson accepted responsibility for his underlying offense, and, thus, the Government was entitled to present such evidence. Moreover, the magistrate judge concluded, Simspson's attorney "was not ineffective for failing to object to the evidence merely because Simpson has entered into a plea agreement and assumed he could continue his criminal ways." (1:04CV03, Doc. No. 4 at 6.) Thus, Magistrate Judge Kaull concluded that Simpson's ineffective assistance of counsel claim is without merit.

**C. Motion to Amend**

In his motion to amend, Simpson seeks leave to add a Sixth Amendment claim under Blakely v. Washington, 542 U.S. 296 (2004), in his § 2255 motion. In his R&R, Magistrate Judge Kaull engaged in an exhaustive analysis of the authority applicable at the time of entry and determined that claims brought under Blakely, and the Supreme Court's subsequent decision in United States v. Booker, 543

U.S. 220 (2005), are barred from retroactive application on collateral review.

In sum, the magistrate judge recommends that Simpson's motion to amend be denied and his § 2255 motion be denied and dismissed with prejudice from the Court's docket.

## IV. Simpson's Objections

Throughout his objections, Simpson reiterates his allegation that the Government orally promised him that he would be sentenced to 135 months of incarceration. He asserts that he was induced to plead guilty because of that promise and did not receive the benefit of that promise at sentencing. Further, Simpson contends that his attorney's assistance at sentencing was ineffective under the Strickland standard because no objection was made to the testimony of Casey Clegg and Charles Echols or, ultimately, the higher than promised sentence imposed by the Court.[3]

Simpson also objects to the magistrate judge's recommendation that his motion to amend be denied.

---

[3] In his objections, Simpson also disputes the substance of Clegg's and Echols's testimony at the sentencing hearing, arguing that both had a motive to lie because of their own agreements with the Government. Further, Simpson asserts that the Court should have discounted the testimony because of inconsistencies. Simpson did not raise these specific arguments in his § 2255 motion, however, and they are improper for the Court's review. Moreover, at sentencing, the Court evaluated Clegg's and Echols's testimony for itself and found it to be credible. (Sentencing Hrg. Transcript at 23.)

ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

### V. Analysis

### A. Claims of Breach of Plea Agreement/Involuntary Plea

Following the testimony of Casey Clegg and Charles Echols at Simpson's sentencing hearing, the Court ruled as follows:

> Having heard the testimony of Casey Clegg and Charles Echols, the Court concludes that the evidence preponderates that Mr. Simpson was distributing drugs in violation of his bond following his plea hearing and that this occurred on or about December of 2002. As a result of that, the Court will not adopt the recommendation of the Government regarding acceptance of responsibility and declines to grant the defendant a three-level reduction for acceptance of responsibility based on his drug dealing while on bond.

(Sentencing Hrg. Transcript at 23.)

While Simpson contends that the Court denied him the benefit of his bargain with the Government by so ruling, there is simply no evidence whatsoever that the Government promised Simpson he would be sentenced to 135 months incarceration. Further, the language of the plea agreement itself clearly outlines Simpson's understanding that no other promises existed between him and the Government beyond those contained in that agreement. Specifically, paragraph six of the plea agreement provides:

> 6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement

12

>includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(e)(1)(B); however, the defendant understands that the Court is <u>not</u> bound by these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

Moreover, at his change of plea hearing, the Court specifically informed Simpson that his exact sentence could not be determined until the probation officer prepared a presentence report in the case. Further, after the Court asked Simpson if he understood that "not even the Court knew at that time what his exact sentence would be," he replied, under oath, that he did. In short, nothing in the record supports his theories that the Government induced his guilty plea by promising him a sentence of 135 months of incarceration and that the plea agreement was breached when he did not receive a reduction for acceptance of responsibility at sentencing. Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation and **DENIES** Simpson's § 2255 motion to the extent it brings claims of an induced plea or breached plea agreement.

B.  **Ineffective Assistance of Counsel**.

As noted above, Simpson claims that he received ineffective assistance of counsel when his attorney failed to object to the

13

testimony of Casey Clegg and Charles Echols at sentencing. He argues that the testimony, that resulted in the loss of a three level reduction for acceptance of responsibility, was unnecessary because the plea agreement negated the need for additional evidence. As Magistrate Judge Kaull noted, however, the Government did not offer the testimony to support the allegations in the indictment. Rather, it provided the testimony to document Simpson's violation of the terms of his pretrial release. Moreover, while Simpson's attorney, Thorn H. Thorn, did not object to the proffered testimony at sentencing, he cross-examined both Clegg and Echols on behalf of his client during the hearing.

In his objections, Simpson also argues that Mr. Thorn's assistance was ineffective because he did not object to the Court's imposition of a sentence that was greater than the 135 month sentence alleged to be promised Simpson by the Government. Simpson contends that he was prejudiced by such a failure, and cites the Tenth Circuit decision of U.S. v. Horey, 333 F.3d 1185 (10th Cir. 2003), in support. In Horey, the court reversed a district court finding that the defendant had not been prejudiced under the Strickland standard when his counsel failed to object to an

improperly applied sentencing enhancement under the guidelines. Id. at 1188.

Unlike the scenario in Horey, the complained of sentencing adjustment here – the Court's refusal to grant a three level adjustment for acceptance of responsibility – was properly applied. Simpson violated his bond conditions by distributing drugs after he entered a guilty plea. As the Fourth Circuit recognized in Kidd, a district court may properly refrain from applying a reduction for acceptance of responsibility under U.S.S.G. §3E1.1 based on a defendant's continuing, post-plea criminal conduct. 12 F.3d at 34. Thus, Simpson's attempted reliance on Horey is misplaced, and his argument that his attorney's assistance was ineffective because he did not object to the Court's ruling is unfounded.

Nowhere in his objections does Simpson establish the objective unreasonableness of his attorney's performance at sentencing. Further, even if he had, he fails to illustrate how any unprofessional errors on the part of his counsel would have changed the outcome of the proceedings. In short, Simpson's claims of ineffective assistance of counsel fail to satisfy the Strickland standard. Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's

recommendation and **DENIES** Simpson's § 2255 motion to the extent it brings ineffective assistance of counsel claims.

C. **Motion to Amend**

In United States v. Morris, the Fourth Circuit Court of Appeals held that "[t]he rule announced in Booker . . . . is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided." 429 F.3d 65 at 72 (4th Cir. 2005). In this case, Simpson was sentenced on January 28, 2003, and the Court entered its Judgment and Commitment Order on January 29, 2003. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Simpson had 10 days to file a notice of appeal following the entry of that judgment but did not do so. Therefore, his conviction on Count Twenty-One of the underlying indictment became final in February, 2003, long before the Blakely and Booker decisions were rendered.

Accordingly, the Court **AFFIRMS** Magistrate Judge Kaull's recommendation and **DENIES** Simpson's motion to amend.

## VI. Conclusion

For the reasons set forth above, the Court **AFFIRMS** Magistrate Judge Kaull's Report and Recommendation (1:02CR36, Doc. No. 364 – 1:04CV03, Doc. No. 4), **DENIES** Simpson's motion to amend (1:02CR36,

Doc. No. 346), and **DENIES** Simpson's § 2255 motion in its entirety (1:02CR36, Doc. No. 327 - 1:04CV03, Doc. No. 1). Accordingly, the Court **ORDERS** Simpson's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested and to transmit a copy of this Order to counsel of record.

Dated: February 15, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE